# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| VALYNSKY CALHOUN, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. _____ |
| : | |
| : | |
| COLLECTION RECEIVABLES, INC. : | |
|     Defendant. : | |

## COMPLAINT

COMES NOW YOUR PLAINTIFF Valynsky Calhoun and files his Complaint for Damages against the Defendant named above and shows the following:

## NATURE OF THE ACTION

1.  This is an action against the Defendant for its willful, intentional, and/or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA"). Defendant's actions are abusive debt collection practices prohibited by federal law, specifically the FDCPA which found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices" by debt collectors and those practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."

2. Plaintiff also brings this action pursuant to the Georgia Fair Business Practices Act for Defendant's willful and intentional violations of both the FDCPA and the Fair Credit Reporting Act 15 U.S.C. §§ 1681 *et seq*. (hereinafter "FCRA"). Defendant wrongfully reported an account on Plaintiff's credit report causing his credit score to plummet.

## JURISDICTION, PARTIES, AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1681p, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

4. This Court has subject matter jurisdiction of claims arising under the FDCPA, 15 U.S.C. §§ 1692 *et seq*. which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court also has supplemental jurisdiction with regard to Plaintiff's pendent state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

7. Plaintiff is a natural person residing in Baldwin County, Georgia.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

9. Plaintiff is also a "natural person" as that term is defined by Georgia law.

10. Defendant Collection Receivables, Inc. (hereinafter "Defendant") is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. Defendant is also a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

12. Defendant is authorized to transact business in the State of Georgia.

13. Summons and Complaint may be served on Defendant by service on their registered agent for service of process in Georgia, Kathy Woodruff at 1835 Central Avenue, Augusta, Richmond County, Georgia, 30904.

14. Defendant was in fact doing business in this state at all times relevant to this action through its various collection efforts.

15. Defendant directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia.

16. Defendant furnished information to various consumer reporting agencies while Plaintiff resided in Georgia.

## FACTS GIVING RISE TO THIS COMPLAINT

17. Defendant sought to collect from Plaintiff an alleged debt incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. Plaintiff did not owe the amounts Defendant sought to collect from Plaintiff.

19. The amounts Defendant sought to collect from Plaintiff were allegedly owed by Plaintiff's spouse.

20. On or about March 20, 2017, Defendant furnished information to various consumer reporting agencies indicating Plaintiff had a balance of $967.00 with Defendant.

21. This information was inaccurate and false.

22. Defendant furnished information to various consumer reporting agencies regarding Plaintiff including (without limitation) Transunion.

23. Defendant supplied false and inaccurate information to various consumer reporting agencies regarding Plaintiff including (without limitation) Transunion.

24. On or about May 15, 2017, Defendant sued Plaintiff seeking to collect on an account Defendant knew Plaintiff did not owe.

25. Beginning on or about March 20, 2017, Defendant contacted Plaintiff seeking to collect on an account Defendant knew Plaintiff did not owe.

26. Plaintiff informed Defendant he did not owe the amounts Plaintiff sought to collect.

27. Defendant, through its agents, acknowledged Plaintiff did not owe the amounts Defendant sought to collect from Plaintiff.

28. Defendant, through its agents, acknowledged Plaintiff was not responsible for the amounts Defendant sought to collect from Plaintiff.

29. Defendant refused to correct the information supplied to the various consumer reporting agencies despite knowing it had submitted false and inaccurate information.

30. Defendant refused to dismiss the lawsuit it filed against Plaintiff despite knowing it sough to collect amounts Plaintiff was not obligated to pay.

31. Defendant informed Plaintiff it would not remove the information from his various credit reports unless and until someone paid the debt or words to that affect.

32. Defendant failed to conduct a reasonable investigation of Plaintiff's dispute.

33. Defendant refused to conduct a reasonable investigation of Plaintiff's dispute.

34. Defendant refused to conduct any investigation of Plaintiff's dispute

35. Defendant sought to extort money from Plaintiff by holding his credit report hostage for an account Defendant did not owe.

36. Defendant sought to collect $966.75 from Plaintiff despite knowing he did not owe any of the amount Defendant sought to collect.

37. Defendant sought to collect agency fees in the amount of $322.25 that Plaintiff was not obligated to pay by contract or statute.

38. Plaintiff was forced to retain counsel because of Defendant's misconduct.

39. Defendant immediately dismissed its suit against Plaintiff with prejudice after counsel for Plaintiff filed an answer.

40. Defendant invaded Plaintiff's statutory rights by violating 15 U.S.C. §§ 1692 *et seq*.

41. Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating, and emotional distress.

## Count I– Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692 et seq.

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. By reason of the foregoing, Defendant and its agent's actions and omissions constitute numerous and multiple violations of the FDCPA including, but not limited to, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), 1692e(10) and 1692f(1), with respect to Plaintiff.

44. Defendant's actions were intended to cause Plaintiff harm (or were negligently carried out without regard to their consequence) and succeeded in so doing.

45. Plaintiff is entitled to recover actual damages in an amount to be determined by the trier of fact.

46. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## Count II – Violations of the Georgia Fair Business Practices Act

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. A violation of the FDCPA is a violation of O.C.G.A. §§ 10-1-390 et seq, the Georgia Fair Business Practices Act ("GFBPA.") *See e.g. 1st Nationwide Collection Agency Inc v Werner*, 288 Ga. App. 457 (2007).

49. O. C.G.A. § 10-1-393 contains a non-exhaustive list of violations of the Georgia Fair Business Practices Act.

50. Plaintiff provided an ante-litem demand to Defendant providing Defendant with the opportunity to resolve this matter without litigation.

51. Defendant willfully and intentionally violated the protections afforded under the FDCPA and FCRA by attempting to extort money from Plaintiff in order to correct his credit report.

52. Defendant willfully and intentionally violated the FDCPA and FCRA as alleged hereinabove.

53. Plaintiff is entitled to the trebling of any actual and statutory damages he sustained as a result of each Defendant's intentional and/or willful violations of the FDCPA and FCRA pursuant to O.C.G.A. § 10-1-399(c) and, reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d) from each Defendant herein.

## Demand for a Jury Trial

54. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays for the following:

a) Actual, exemplary and statutory damages in an amount in excess of $1,000.00;

b) The award of costs and reasonable attorney's fees pursuant to the FDCPA and O.C.G.A. § 10-1-391 et seq. in an amount to be proven at trial but in excess of $3,000.00;

c) Pre- and post-judgment interest, if applicable;

d) Such other and further relief as the Court may deem just, necessary or appropriate.

Submitted February 24, 2018.

**DANIELS LAW LLC**

/s/Ronald Edward Daniels
RONALD EDWARD DANIELS
Georgia Bar No.: 540854

P.O. BOX 1834
Perry, GA 31069
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347

Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

                                  ATTORNEYS FOR PLAINTIFF